UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

|  |  |
|---|---|
|  | Case No. 15-41597 |
| Advanced Laboratories Inc. | Chapter 7 |
|  | Hon. Walter Shapero |
| Debtors. |  |

_____/

## OPINION REQUIRING SEQUESTRATION OF DEPONENTS

The relevant context of these proceedings is that, pre-petition, Debtor contracted to complete a build-out of a restaurant facility for Q2 Investments, LLC d/b/a Tahini Mediterranean Bakery & Grill ("Creditor"), and incident thereto Creditor agreed to purchase certain restaurant equipment from the Debtor. State court proceedings were commenced pursuant to which each made various claims and counterclaims, those proceedings being stayed by the Debtor's Chapter 7 bankruptcy filing. Under Fed.R.Bankr.P. 2004, Creditor here sought the oral depositions of Matthew Palmer and Mark Palmer (together, "Deponents"), who are officers and directors of the Debtor, as well as production of specified documents. At the time of, and incident to, commencement of those depositions, each of the Deponents, through counsel (who had represented Debtor prepetition and was also acting for Deponents), refused to be deposed unless the other Deponent was allowed to be present. As a result, there has arisen an issue by way of Creditor's Motion to Compel (Dkt. 35) requesting, among other things, that the Court order the depositions to proceed with each of the two Deponents being sequestered during the other's deposition.

Fed.R.Evid. 615 relating to the exclusion of witnesses mandates sequestration either at a party's request or at the instance of the Court, but with an exclusion for an officer or employee of a party that is not a natural person after being designated as the party's representative by its

attorney. At one point, that Rule specifically also applied to depositions. That application was removed by revisions to Fed.R.Civ.P. 30(c)(1), but with the following explanation as noted in Bankruptcy Evidence Manual, Par. 615.1 (Russell, 2015-2016 Ed. Thompson Reuters):

> In addition, the revision addresses a recurring problem as to whether other potential deponents can attend a deposition. Courts have disagreed, some holding that witnesses should be excluded through invocation of Rule 615 of the evidence rules, and others holding that witnesses may attend unless excluded by an order under Rule 26(c)(5). The revision provides that other witnesses are not automatically excluded from a deposition simply by the request of a party. Exclusion, however, can be ordered under Rule 26(c)(5) when appropriate; and, if exclusion is ordered, consideration should be given as to whether the excluded witnesses likewise should be precluded from reading, or being otherwise informed about, the testimony given in the earlier depositions. The revision addresses only the matter of attendance by potential deponents, and does not attempt to resolve issues concerning attendance by others, such as members of the public or press.

The referred-to Rule 26(c)(5) is now Fed.R.Civ.P. 26(c)(1), which in particular empowers the Court to designate persons who may be present while discovery is conducted (which is what is essentially involved here). The rationale for Fed.R.Evid. 615 (and whatever other rules might bear on the sequestration issue) were further stated in the above-noted treatise as follows:

> The efficacy of excluding or sequestering witnesses is a well recognized means of discouraging and exposing intentional collusion and fabrication, as well as preventing a witness from innocently adopting all or part of the testimony of a prior witness rather than relying on his own recollection. Sequestering witnesses during recesses that interrupt their testimony serves the further purpose of preventing improper attempts to influence their testimony. Geders v. U.S., 425 U.S. 80, 87, 96 S. Ct. 1330, 1334, 47 L. Ed. 2d 592 (1976).

*Id.* at 615.1.

Given that what is involved here is a Fed.R.Bankr.P. 2004 deposition in a bankruptcy case and the nature of the disputes between the Debtor and the Creditor, as appears from the extensive state court litigation between them, it is certainly at least facially possible, and maybe even likely, that both Deponents were involved in the creation of and/or subsequent events relating to

the contracts or conduct in dispute and the claims and counterclaims thereafter asserted. Some or all of such might be or could become relevant to the administration of the bankruptcy estate and at this point are at least fair game for further inquiry in a Fed.R.Bankr.P. 2004 examination (which among other things, might ferret out the nature and extent of each of Deponents' involvement and each of their knowledge of the facts).

As an initial matter, those objecting to sequestration, i.e. the pre-petition attorney for the Chapter 7 corporate Debtor who is also acting on behalf of the Deponents, who are the Debtor's corporate officers, are subject to a question regarding their standing to oppose the requested sequestration. The "party" involved for these purposes is the Chapter 7 Debtor. It is and ought to be the Chapter 7 Trustee who possesses the sole authority to make the decision of whether or not to oppose sequestration. 11 U.S.C. § 323. Were it a Chapter 11 case, there might be a different conclusion. That alone might and could dispose of the issue here, as it is not the Trustee who is objecting to sequestration.

However, addressing the substance of the issue and based on the foregoing, the Court concludes that the referred-to rules apply to this Fed.R.Bankr.P. 2004 examination and that:

(1) Creditor has borne its burden of showing good cause and thus, under the circumstances, it is appropriate to require sequestration in relation to the subject Fed.R.Bankr.P. 2004 depositions (irrespective of the exclusion in Fed.R.Evid. 615) and therefore its request for sequestration is granted; the Court further noting that even absent that request by Creditor, the Court on its own motion would rule that such is appropriate; and

(2) to give it full effect, the order effectuating this decision should include a provision that precludes the excluded witness from reading or being otherwise informed about the testimony given in the earlier deposition.

Creditor shall present an appropriate order.

**Signed on June 22, 2016**

_____
/s/ Walter Shapero
**Walter Shapero**
**United States Bankruptcy Judge**